UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPHINE JAMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-194** |
| **NEW CENTURY MORTGAGE CORP., PCFS MORTGAGE RESOURCES, AURORA FINANCIAL SERVICES, INC., and RALPH WILLIAMS, d/b/a R.E.W. HOUSING REPAIRING** | **SECTION "T"(4)** |

Before the Court is an Objection to Magistrate's Report and Recommendation (Doc. 63) and a Motion to Continue Trial and Pre-Trial Cut-Off Dates (Doc. 64), filed on behalf the plaintiff, Josephine James, which came before the Court for hearing on April 5, 2006. The parties waived oral argument and the matters were submitted for the Court's consideration on the briefs only. The Court, having considered the arguments of counsel, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**ORDER AND REASONS**

**I.     BACKGROUND**

On January 22, 2004, Plaintiff filed this lawsuit to rescind her home mortgage loan, alleging that she was fraudulently induced to enter into the transaction. Suit was filed against the initial lender, New Century Mortgage. Later, Provident Bank was added as assignee. Counsel for

defendant then advised that the note and mortgage had been assigned, again, to Deutsche Bank.

The Court's deadline for amending pleadings was December 2, 2005. On December 9, 2005, former counsel for the defendant filed a Motion for Leave to File the Amended Complaint, seeking to add Deutsche Bank as a defendant. On the same day, he withdrew as counsel, as Hurricane Katrina and family issues forced him to depart New Orleans. The hearing on the motion for leave was set for January 4, 2006. On February 24, 2006, Magistrate Judge Karen Roby issued her report and recommendations denying the motion pursuant to Rule 16(b). Plaintiff now objects to the magistrate's ruling.

## II.   LAW AND ANALYSIS OF THE COURT

Federal Rule of Civil Procedure 15(a) governing the amendment of pleadings provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, the "mandate" of Rule 15(a) should be heeded; that leave should be freely given. *Foman v. Davis*, 317 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). Leave may be denied only in such rare instances as where a motion to amend is colored by undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendment, undue prejudice to the opposing party, or futility of the amendment. *Id.; Jamieson v. Shaw,* 772 F.2d 1205, 1208, *reh'g denied*, 776 F.2d 1048 (5th Cir. 1985).

Rule 16(b) provides that "a schedule shall not be modified except on a showing of good cause." Fed. R. Civ. P. 16(b). When determining if the movant provides good cause, the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters, L.L.C. v. South Trust Bank of*

*Ala., NA*, 315 F.3d 533, 536 (5th Cir 2003).  The plaintiff argues, and this Court agrees, that there was abundant good cause to grant Ms. James' Motion for Leave to File Amended Complaint.

The first factor clearly weighs for amending the complaint, as the circumstances of plaintiff's former counsel's professional and personal lives brought on by Hurricane Katrina well justifies her inadvertent failure to move to timely amend her complaint.  While the Motion for Leave to Amend Complaint did not specifically given an explanation for the out-of-time filing, this Court finds that the difficulties inherent in moving, which was noted in former plaintiff's counsel's Motion to Withdraw, filed simultaneously with the motion for leave, were implicit as a reason for the out-of-time filing.  In addition, plaintiff, in its Supplemental Memorandum in Support of Objection to Magistrate's Report and Recommendation, notified the Court that it has recently been made aware of the fact that Deutsche Bank did not become the current holder of the loan until March 3, 2006.  Accordingly, only now is it possible and crucial for Deutsche Bank to be added as a defendant.

The second, the importance of the amendment, also weighs in favor of granting the amendment.  In granting leave to file the Third Amended Complaint, Magistrate Roby noted that the current mortgage holder, then though to be Provident Bank, "is the only party capable of providing the relief James seeks." (Doc. 49.)  By the same logic, the plaintiff submits that Deutsche Bank, the current mortgage holder, is an indispensable party because it appears to be the only entity in the position to be able to comply with an order by this Court to void the security interest.  This Court agrees and finds that it is important that Ms. James have the remedy of voiding the security interest by being able to add Deutsche Bank to this action.

The Court finds that the third factor, whether there is potential for prejudice if the amendment is allowed, weighs against Ms. James.  The trial in this matter is set for May 8, 2006.

Expert reports and witness lists were due on February 24, 2006. In addition, the discovery deadline was March 27, 2006.

The final factor, however, remedies any prejudice to any party, as the availability of a continuance to cure such prejudice weighs in favor of granting leave to amend. The trial date in this matter has been continued only once, due to circumstances beyond any parties' control due to Hurricane Katrina. As the plaintiff argues in the Motion to Continue Trial and Pre-Trial Cut-Off Dates, and this Court agrees, allowing leave to amend the complaint and add Deutsche Bank necessitates a continuance.

Accordingly,

**IT IS ORDERED** that the Objection to Magistrate's Report and Recommendation Denying Motion for Leave to File Amended Complaint (Doc.63), filed on behalf of plaintiff, Josephine James, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Continue Trial and Pre-Trial Cut-Off Dates (Doc. 64), filed on behalf of the plaintiff, Josephine James, is hereby **GRANTED**.

New Orleans, Louisiana, this 6th day of April, 2006.

_____
**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**