UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPHINE JAMES** | **CIVIL ACTION** |
| **VERSUS** | **NO:      04-0194** |
| **NEW CENTURY MORTGAGE CORP., ET AL.** | **SECTION: "I" (4)** |

### ORDER

Before the Court is a **Motion for Leave to File Amended Complaint (doc. # 97)** filed by the plaintiff, Josephine James, seeking leave of this Court to file a fifth amended complaint adding several new claims against the defendants. The defendants, PCFS Mortgage Resources, the Provident Bank, and Deutsche Bank National Trust Company timely filed an opposition motion. A hearing on this motion was held on June 14, 2006.

**I.      Factual Background**

James sued New Century Mortgage Corporation, Aurora Financial Services, Inc., PCFS Mortgage Resources, and Ralph Williams contending that she unwittingly entered into an exorbitantly priced mortgage loan through a mortgage broker and a contractor as a result of fraud, misrepresentation, and unfair trade practices. James seeks rescission of the mortgage loan and damages against the lender, mortgage broker, and contractor.

James alleges that the mortgage lender did not tell her that she did not have to execute the mortgage simply because she signed a loan application or received disclosure forms and that the lender

never told her she could lose her home if she defaulted on her obligations. Consequently, she contends that the lender violated 15 U.S.C. § 1639(a).

James has amended her complaint four times. She amended her complaint for the first time on March 5, 2004, before any defendants answered, and then again, with no objection by the parties, on March 18, 2005. On June 28, 2005, James sought leave to amend her complaint to add the Provident Bank as a defendant as a successor of her mortgage. This Court granted leave to file on October 17, 2005. On December 9, 2005, James again sought leave to amend her complaint and add Deutsche Bank as a defendant also as a successor mortgage holder. This Court denied leave on February 24, 2006, concluding that the motion was untimely filed. The District Court, however, reversed this Court on April 6, 2006, and granted leave to file the amended complaint and also reset all deadlines in the case.

On May 22, 2006, James filed the instant motion seeking leave to amend her complaint adding new claims against the defendants. James alleges that the new claims were not included in the previous amendments because they had not yet arisen or are claims which the defendants have long been aware that James may bring.

The defendants contend that any such amendment is prejudicial to the defendants because of the length of time this case has been pending. Further, the defendants contend that James has unduly delayed in asserting her claims and has repeatedly failed to cure any defects in her complaint with her her repeated amending of the complaint.

The Court notes that the District Court has not issued a new scheduling order in this matter and therefore Rule 15 governs the Court's review of this motion.

**II.     Standard of Review**

Federal Rule of Civil Procedure 15(a) governing the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Thus,

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).

The Court's granting of leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

**III.   Analysis**

    **A.   The TILA Claims against Defendants**

James seeks to add new claims under the Truth in Lending Act ("TILA") against New Century by alleging it (1) failed to provide James with accurate disclosures of the finance charge, (2) failed to accurately disclose the amount financed, and (3) failed to accurately disclose the annual percentage rate violating. James alleges that the Provident Bank and Deutsche Bank are also liable because these violations were apparent on the face of the disclosure statement.

James contends that these additional TILA claims relate back to her original complaint because they involve whether certain closing costs charged at her closing constitute finance charges. James contends that the lender incorrectly failed to consider certain closing costs to be finance charges when it calculated the total finance charge. James further contends that because these closing costs were not considered, the total finance charge was underdisclosed and thus inaccurate, and therefore the APR and the amount financed were also inaccurate.

James contends that because her original HOEPA claim turned on whether closing costs were finance charges constituting a point or fee, the defendants were "aware of the general contours" of her

claim.  Further, James indicates that she sent letters seeking rescission of her mortgage to Provident and Deutsche Bank on November 16, 2005, and again to Provident and Deutsche Bank on April 21, 2006.[1]  James contends that these letters outlined her claims that the finance charges were inaccurate under TILA.  Thus James contends that the defendants were on notice that she would attempt to bring an interrelated claim concerning the relationship between closing costs and finance charges under TILA.

The defendants contend that James unduly delayed in bringing this new claim under TILA.  Further, the defendants contend that they have seen the general contours of this case shift several times.  They also allege that James chose her claims and asserted them fully until the eve of trial but then sought to reset the pre-trial deadlines and the trial date based solely upon the purported necessity to add Deutsche Bank as a party.  The defendants contend that, while the District Court reset the deadlines, it did not reset the deadlines to give James additional time to assert more claims.

The defendants further allege that allowing James to assert these claims would be prejudicial because the parties already completed discovery.  Finally, the defendants contend that this Court should deny the amendment because of the repeated failure of James to cure any deficiencies in the amendment.

The Court notes that "[w]hile leave to amend must be freely given, that generous standard is tempered by the necessary power of a district court to manage a case."  *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir.1987).  For example, in *Little v. Liquid Air Corp.*, the Fifth Circuit upheld the district court's denial of a motion to amend where discovery had closed and the additional claim would result in the alteration of trial strategy.  952 F.2d 841, 846 (5th Cir. 1992).  However, the *Little* Court noted that the defendants had also filed a motion for summary judgment.

---

[1] Provident and Deutsche Bank allege they did not receive the letters in December.

*Id.*

In *Parish v. Frazier*, the Circuit Court affirmed the district court's denial of leave to amend because not only would it delay the litigation but also expand the allegations beyond the original complaint. 195 F.3d 761, 763 (5th Cir. 1999). The Court also noted that the district court had already granted the defendant's motion for summary judgment. *Id.*

However, the Fifth Circuit has also concluded that if the proposed amendment merely proposes alternative legal theories for recovery on the same underlying facts, it "generally should be admitted" as it advances Rule 15(a)'s policy of "promoting litigation on the merits rather than on procedural technicalities." *Mayeaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

In this case, the Court notes that James's original complaint indicated her intention to make a claim under TILA and to seek rescission of the mortgage and actual and statutory damages available to her under TILA. These are still the remedies she seeks in her proposed complaint, she has simply added allegations and claims relating to the finance charge calculation under TILA. Thus, her proposed amended complaint relies on the same operative facts as the earlier complaint.

The Court notes that while James was allegedly aware since June of 2005 that Provident and Deutsche Bank were successive holders of the note, they were not added as parties to the suit until October, 2005 and April 2006, respectively. Further, there was no movement on the case from August until October because of the circumstances surrounding Hurricane Katrina, and the Eastern District of Louisiana suspended all deadlines until November, 2005.

The Court concludes that the addition of these new claims in the proposed complaint are not untimely given that not all defendants were joined in the suit until April, 2006. Further, there is no prejudice to the defendants because James's claims arise from the same operative facts and the same TILA statute, and all scheduling deadlines were reset by the District Court. Finally, the Court notes

5

that although James has already amended her complaint four times, this proposed amendment is not an attempt to propose alternative legal theories or remedy procedural defects, but clarify and expand existing claims.

### B.      The Rescission Claims

James also seeks to add allegations that she sent notices of recession to Provident and Deutsche Bank on November 16, 2005, and sent another notice to Deutsche Bank on April 21, 2006.  James contends that even though she sought to rescind the transaction, none of the defendants have returned her money or terminated their security interest violating 15 U.S.C. §1635(b) and regulation Z § 226.23(d)(2).  James contends that under the applicable regulations, the defendants had twenty days to rescind the transaction.  Thus, James contends that she could not allege this claim in her Fourth Amended Complaint which she sought leave to file on December 9, 2005 because the twenty days had not yet expired.

The defendants alleged that James was fully aware of Provident and Deutsche Bank's involvement in this matter as early as June of 2005.  Thus, according to the defendants, James unduly delayed in sending the rescission letters, and thus unduly delayed in bringing the claim.  The defendants also allege the same prejudice and repeated cure arguments noted above.

The Court, notes once again, for the reasons outlined above, that James did not unduly delay in bringing this motion.  Because the Court notes that the remedy James seeks under HOEPA is the same remedy as before and relies on the same operative facts, James is not seeking to cure any procedural deficiencies in the complaint.  Further, because the remedy and the underlying facts are the same, there is no prejudice to the defendants, one of which was added a month before James filed this motion.  Thus allowing the amendment advances Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities.

Accordingly,

**IT IS ORDERED** that the plaintiff, Josephine James's **Motion for Leave to File Amended Complaint** (**doc. #97**) is **GRANTED.**

New Orleans, Louisiana, this  27th  day of July 2006

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**